UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRESTON WILLIAMS,

        Petitioner,

                                          CASE NO. 1:07-CV-688

v.

                                          HON. ROBERT J. JONKER

KENNETH MCKEE,

        Respondent.

_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 41) and Petitioner Wililams's Objections to it (docket # 44). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections. After its review, the Court finds

that Magistrate Judge Brenneman's Report and Recommendation, which concluded that Mr. Williams is not entitled to habeas corpus relief, is factually sound and legally correct.

Mr. Williams asserts that the trial court violated his rights under the Fourteenth Amendment by requiring him to appear in shackles during his trial, and that the Magistrate Judge erred in finding this claim procedurally defaulted. (Obj., docket # 44, at 1-8.) This objection fails on the merits even assuming the absence of a procedural default. The Michigan Court of Appeals did find the claim procedurally defaulted and accordingly reviewed it for plain error. *People v. Preston Lee Williams*, No. 22990, slip op. at 2 (Mich. App. Dec. 13, 2002)(docket # 31). However, the Court of Appeals also went on to consider the claim as though the issue had been properly preserved, and still rejected the claim on the merits. (*Id.* at 3.) The Court explained that in the absence of a procedural defect,

> we would review a decision to restrain a defendant for an abuse of discretion under the totality of the circumstances . . . . The totality of the cirumstances here do not support the conclusion that the trial court abused its discretion in determining that some measure of shackling was warranted in light of the fact that the defendant was serving a prison sentence for felonious assault and had a history of fleeing officers in the community. Defendant cannot establish prejudice if there was no abuse of discretion by the trial court.

*Id.*

Where a state court has determined a claim on the merits, a petitioner is not entitled to relief unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d). A decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362. 412-13 (2000); *see also Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003). Whether a state court unreasonably applied clearly established federal law is an objective, not subjective, inquiry. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 411. A state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or "if the state court either unreasonably extends a legal principle from [the Supreme] Court's precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lancaster*, 324 F.3d 423 (quoting *Williams*, 529 U.S. at 407). "It is important to note . . . that 'an *unreasonable* application of federal law is different from an *incorrect* or *erroneous* application of federal law.'" *Harbison v. Bell* 408 F.3d 823, 829 (6th Cir. 2005) (quoting *Williams*, 529 U.S. at 409). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 510.

It has long been established, and more recently emphasized again by the Supreme Court, that "shackling a defendant at trial without an individualized determination as to necessity violates the due process clause." *Lakin v. Stine*, 431 F.3d 959, 963 (6th Cir. 2005) (citing *Deck v. Missouri*, 544 U.S. 622 (2005). In Mr. Williams's case, the trial court did make an individualized determination. The trial court heard testimony from the MDOC officer who transported Mr. Williams to his trial.

3

(Tr., docket # 23, at 80-82). The court inquired as to whether Mr. Williams was a flight risk, and the officer testified that Mr. Williams had fled from officers in the past in the community outside of prison. (*Id.* at 82.) The court asked about the nature of the offense for which Mr. Williams was currently serving a prison sentence and learned that the offense was felonious assault. (*Id.* at 82-83.) The court noted these factors, observing further that Mr. Williams was already an inmate serving time in a corrections facility. (*Id.*) Based on the evidence before it, the court concluded that it would be appropriate for Mr. Williams to remain at least leg shackled. (*Id.* at 83.) The belly chains were removed. The court appears to have been particularly concerned about the safety of those in the courtroom, the potential risk of flight, and the dignity of the proceedings. Though other courts might have addressed such concerns differently, the trial court's decision was not objectively unreasonable. Trial courts in particular receive "latitude in making individualized security determinations," which appears to be exactly what the trial court did here. *Deck*, 544 U.S. at 632. Accordingly, the Court concludes that the decision by the Michigan Court of Appeals is neither contrary to, nor involves an unreasonable application of, clearly established federal law. Nor was the decision based upon an unreasonable determination of the facts in light of the evidence presented. Therefore, this claim raises no issue upon which habeas relief may be granted.

In his other objections, Mr. Williams focuses upon the Magistrate Judge's analysis of Mr. Williams's claims of ineffective assistance of his trial and appellate counsel. Claims of ineffective assistance of counsel are measured under the standards the Supreme Court established in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on an ineffective assistance claim, Mr. Williams must prove that (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced defendant resulting in an

unreliable or fundamentally unfair outcome. *Strickland*, 466 U.S. at 687-88. "[T]he threshold issue is not whether [petitioner's] attorney was inadequate; rather, it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc) (emphasis in original). Mr. Williams has not made such a showing, including as to the ineffective assistance claims the Magistrate Judge found procedurally defaulted. The record simply does not support a conclusion that trial or appellate counsel's performance snatched defeat from a probable victory. None of Mr. Williams's objections concerning ineffective assistance persuade the Court otherwise.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); see also, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere

'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, Mr. Williams has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

The Magistrate Judge properly concluded that Mr. Williams is not entitled to the habeas corpus relief he seeks. Mr. Williams is not entitled to a certificate of appealability. Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 41) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (docket ## 1, 9) is **DISMISSED**; and

2. Petitioner is **DENIED** a certificate of appealability.


Dated:     September 30, 2010             /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE